**STATE of Minnesota, Respondent,**

v.

**Mark A. JENSON, Appellant.**

No. 81–281.

Supreme Court of Minnesota.

Dec. 4, 1981.

Smith, Juster, Feikema, Malmon & Haskvitz and J. Christopher Cuneo, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Michael Milligan, County Atty., Walker, for respondent.

TODD, Justice.

Defendant, charged by indictment for first-degree murder, entered a so-called *Alford [North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)] guilty plea to second-degree murder, saying in effect that he denied his guilt but yet wanted to judicially admit it because he believed that if he went to trial there was a grave risk, in view of the strong evidence against him, that he would be found guilty of first-degree murder. The trial court sentenced defendant to 192 months in prison, that being the lowest sentence within the permissible range of deviation without departing from the presumptive sentence of 203 months established by the Sentencing Guidelines for one with a criminal history score of three who commits an offense of this degree of seriousness. On this appeal from judgment of conviction defendant argues that he should be permitted to withdraw his guilty plea and the case be remanded for either representment to the grand jury or at least for trial on the charge of first degree murder. The first argument is that representment is required because there was insufficient admissible evidence before the grand jury to support the first-degree murder charge. His second argument is that his Alford-type plea should not have been accepted because there was an insufficient factual basis to show that he committed second degree murder. We affirm.

The victim in this case was the 24-year-old woman who was taken by defendant and a companion from St. James, Minnesota, to rural Cass County, where she was strangled to death, cut in the throat and left lying in the open. By the time defendant's companion led police to the scene over a month later, the body had been dismembered, probably by a bear, and was extremely decomposed.

No useful purpose would be served by summarizing the investigation which led to

the arrest of defendant and his companion or by summarizing the evidence before the grand jury when it indicted defendant. It appears that, even without certain evidence which was arguably inadmissible, there was sufficient evidence to support the indictment of defendant. *See State v. Terrell,* 283 N.W.2d 529 (Minn.1979). However, we do not decide the issue because we believe the issue was removed from the case when defendant entered his guilty plea.

As stated in *Menna v. New York,* 423 U.S. 61, 62 n.2, 96 S.Ct. 241, 242 n.2, 46 L.Ed.2d 195 (1975), "waiver [is] not the basic ingredient" of the decisions [1] holding that a counseled and valid guilty plea by itself removes certain issues and bars their later assertion. Rather, the point of the decisions is that:

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

423 U.S. at 62 n.2, 96 S.Ct. at 242 n.2 (emphasis in original).

In the *Menna* case the court did not hold that a double jeopardy claim may never be waived. Rather, it held that by itself a plea of guilty to a charge does not waive a claim that, judged on its face, the charge is one barred by the double-jeopardy clause no matter how validly factual guilt is established. On the other hand, in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the court held that the defendant's guilty plea by itself removed the issue of whether blacks had been excluded from the grand jury which indicted the defendant.

In our case, as it was in *Tollett,* the issue in question is not one which would bar defendant's conviction no matter how validly his factual guilt was established. If we were to hold that the evidence before the grand jury was insufficient to indict, the state would again go before the grand jury and, with the additional evidence it has obtained since the indictment was issued, probably obtain a new indictment, since defendant's plea of guilt stands for the proposition that the state had sufficient evidence to justify believing that a conviction of first-degree murder was likely. If the state had sufficient admissible evidence to obtain a conviction of first degree murder, it surely had sufficient admissible evidence to obtain an indictment. Since the error, if any, therefore was not the kind of error which would have foreclosed a conviction no matter how validly defendant's guilt was established, we hold that the plea itself operated to remove the issue from later consideration.

We also note, as an additional ground, that in this case defendant explicitly waived the issue at the time he entered his plea.

The only issue remaining, then, is whether the trial court properly accepted defendant's plea. That issue is answered by our decision in *State v. Goulette,* 258 N.W.2d 758 (Minn.1977), which gives to the trial court discretion to accept an Alford type guilty plea if the trial court carefully determines that the plea is intelligent (that is, knowing and understanding) and voluntary and if there is a strong factual basis on the record for it. Here those requirements were met.

Affirmed.

---

1. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).