**Robert John SAIKI,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CO–85–616.**

Court of Appeals of Minnesota.

Oct. 22, 1985.
Review Denied Dec. 19, 1985.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Minn. Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, J., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Robert Saiki pleaded guilty to third degree assault on October 9, 1979. In 1983, he petitioned for postconviction relief seeking to withdraw his plea based on newly discovered evidence. On appeal, he claims the postconviction court's denial of relief was an abuse of discretion. We affirm.

## FACTS

On September 13, 1979, appellant was accosted by three men at a bar in North Mankato, Minnesota, who called appellant "cheap shot" because of an earlier incident. Appellant had gotten into an argument with an acquaintance of one of the men, striking him with a martial arts type of blow. The September incident involved a heated argument and martial arts or shadow-boxing gestures. After some pushing and shoving, appellant took a knife from his pocket, secreting it beneath his left armpit with its four-inch folding blade extended. After bar employees did not intervene to end the confrontation at appellant's request, he refused to leave. Appellant grabbed one of the men, saying he'd had enough threats. Punches flew and after appellant was struck repeatedly, he stabbed one of the men in the stomach with his knife.

Appellant, a 20-year-old chemical engineering student at the University of Minnesota, was charged with second degree assault. A woman spectator indicated to appellant at the time she thought appellant was justified in doing what he did because she heard the threats and the victim got what he deserved. However, the woman was not later located and appellant pleaded guilty to assault in the third-degree even though he believed he had a potentially successful self-defense claim. The trial court, satisfied that a factual basis for the plea existed, accepted the plea. Appellant was sentenced to a stay of imposition and placed on probation for three years. As conditions of probation, appellant spent seven weekends in jail, did not have weapons on his person, and made restitution to the victim. Appellant successfully completed all the conditions of probation, and by operation of law his conviction became a misdemeanor.

In late 1982 or early 1983, appellant accidentally met the woman eyewitness. She signed an affidavit and indicated she was prepared to testify (a) the encounter between appellant and his adversaries had racial overtones (appellant is of Chinese extraction), (b) her attention was drawn to the altercation because of the loud, abusive and heated language, (c) she saw the victim take a pool cue and hit appellant over the head, and (d) appellant then pulled a knife, lunging toward his assailant's stomach and stabbed him. Appellant had never indicated the dispute had racial overtones or that he was hit by a pool cue.

Appellant petitioned for postconviction relief in July 1983, seeking to withdraw his plea and to receive a new trial based on the newly discovered witness. A postconviction hearing was held on August 13, 1984. On February 13, 1985, the court filed its order denying postconviction relief, indicating that the witness's testimony was essentially cumulative because (1) she confirmed appellant was out-numbered, (2) she did not see the confrontation begin, and (3) appellant testified at his guilty plea hearing that he initiated the first physical contact when he grabbed the victim and never retreated despite the opportunity to do so.

The court noted:

But the heart of the matter doesn't arise from the blows exchanged between these

parties, but from the Defendant's use of a dangerous weapon, the four inch knife he drew, concealed, then used after blows were exchanged to stab the victim. Had Petitioner not used the knife, the charge would not have been filed against him.

The court also noted the newly discovered evidence was not relevant to the issue of appellant's guilt or innocence because appellant admitted the relevant facts upon which the court received the plea.

## ISSUE

Did the trial court abuse its discretion in denying appellant's petition seeking to withdraw his guilty plea based on newly discovered evidence?

## ANALYSIS

1. On review, appellant must show that withdrawal is necessary to correct "a manifest injustice." Minn.R. Crim.P. 15.05, subd. 1. He must also show the newly discovered evidence:

> could not have been discovered through the exercise of due diligence before the trial; that at the time of the trial the evidence was not within petitioner's or his counsel's knowledge; that the evidence is not impeaching, cumulative, or doubtful; and that it would probably produce a result different from or more favorable than that which actually occurred.

*State v. Caldwell*, 322 N.W.2d 574, 588 (Minn.1982). A trial court's denial will not be disturbed on appeal absent a clear abuse of discretion. *Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984).

2. The State argues a defendant may never withdraw a guilty plea on the basis of newly discovered evidence because:

> "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."

*State v. Jenson*, 312 N.W.2d 673, 675 (Minn.1981) (quoting *Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975)). *See Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *Friedman v. United States*, 200 F.2d 690, 696 (8th Cir.1952). It is not necessary to decide this claim since appellant cannot prevail on the merits. Appellant has not demonstrated the newly discovered witness could not have been discovered earlier through the exercise of due diligence. The record does not show what efforts were made to locate the witness and merely contains a conclusory statement of appellant's appellate counsel four years later in his petition for postconviction relief that "Petitioner, after completing a search with due diligence, was unable to establish the identity and location of his missing witness prior to sentencing."

While we agree with appellant that the witness's affidavit does not present merely cumulative or irrelevant evidence, appellant has not shown the trial court abused its discretion. There is no manifest injustice in allowing appellant's conviction, which by operation of law is now a misdemeanor, to stand. Appellant's only real contention is that his self-defense theory is stronger because of the discovery of the witness. While probably true, the fact remains there is a factual basis for the plea which was entered into voluntarily, knowingly and intelligently.

3. Appellant filed his petition for postconviction relief in July 1983. The postconviction hearing was held August 13, 1984, and an order denying relief was filed February 13, 1985. While Minn.Stat. § 590.04, subd. 1 (1984) requires that postconviction hearings and decisions be determined "promptly," the record does not indicate the reason for the lengthy delay.

## DECISION

Denial of appellant's postconviction relief petition to withdraw his guilty plea entered four years earlier, based on newly discover-

ed evidence of a witness, was not an abuse of discretion.

Affirmed.