STATE of Minnesota, Respondent,

v.

Susan LEROY, petitioner,

Appellant.

No. C0–98–1247.

Supreme Court of Minnesota.

Dec. 30, 1999.

John M. Stuart, State Public Defender, Lawerence Hammerling, Deputy State Public Defender, Minneapolis, for appellant.

Michael A. Hatch, State Attorney General, St. Paul, David J. Hauser, Otter Tail County Attorney, Michelle M. Eldien, Asst. Otter Tail County Attorney, Fergus Falls, for respondent.

## OPINION

LANCASTER, Justice.

The issue presented in this case arose in an unusual context in which defense counsel moved for a mistrial after learning that the defendant had been found not guilty of one of two charges against her. Because the motion was made after the jury's verdict was read into the record and the jury polled, we hold that double jeopardy bars retrial on the count of acquittal. No motion for a new trial on the count of conviction was made, and we remand to permit the defendant to do that if she so chooses.

On May 13, 1998, Susan Lynn Leroy was tried in Otter Tail County on charges of fifth-degree assault, Minn.Stat. § 609.224 (1998), and disorderly conduct, Minn.Stat. § 609.72 (1998). On May 14, 1998, a jury returned with verdicts acquitting Leroy of fifth-degree assault and finding her guilty of disorderly conduct. The jury was polled and its verdict was confirmed to be unanimous. The district court did not dismiss the jury but asked the bailiff to remove them from the courtroom.

The district court then informed counsel that when the jury returned the verdict forms to the court, it also handed the court a copy of the amended complaint filed against Leroy. The court administrator acknowledged that she had erroneously supplied the jury with a copy of the amended complaint when the jury requested it during deliberations. Defense counsel then requested a mistrial based upon the jury's improper possession of the amended complaint. The district court granted the mistrial and ordered that the case be scheduled for retrial. At that point, the court discharged the jury and gave counsel an opportunity to be heard on the record with respect to the mistrial. Counsel for both parties declined.

On June 8, 1998, defense counsel filed a motion which raised for the first time the argument that double jeopardy barred any retrial of Leroy for fifth-degree assault. The motion was heard on June 29, 1998. Defense counsel argued that both federal and Minnesota constitutional protections against double jeopardy barred retrying Leroy for assault. Defense counsel also asserted that the post-verdict request for a mistrial was a "misstatement," and should be considered a motion for a new trial on the conviction for disorderly conduct. The state responded, first, that the motion by defense counsel was heard by the district court as a motion for mistrial and should properly be considered as a mistrial motion. Second, the state asserted that because there was no evidence of any judicial or prosecutorial misconduct, defense counsel's motion for a mistrial waived any claim

of double jeopardy. On July 2, 1998, the district court denied Leroy's motion, finding there was a proper basis for a mistrial, and that the defense counsel was in possession of all relevant information when the mistrial was requested.

On appeal from the district court order, the court of appeals concluded that as a matter of law the district court could not receive the verdict of acquittal under Minn.Stat. § 631.17 (1998).[1] The court of appeals reasoned that because the district court was aware, prior to the reading of the verdicts, that the jury had been exposed to potentially prejudicial information contained in the amended complaint, as a matter of law the verdicts were not receivable by the district court. Because the verdicts were not capable of completion, the court of appeals held that jeopardy did not terminate and retrial of Leroy on the charge of fifth-degree assault was not barred.

■ The Double Jeopardy Clauses of the United States and Minnesota Constitutions protect a criminal defendant from a second prosecution of the same offense after an acquittal. *See* U.S. Const. amend. V ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"); Minn. Const. art. I, § 7 ("no person shall be put twice in jeopardy of punishment for the same offense"). *See also State v. Humes,* 581 N.W.2d 317, 320 (Minn.1998). An appellate court reviews de novo the constitutional issue of double jeopardy. *See United States v. Ursery,* 59 F.3d 568, 570 (6th Cir.1995), *cert. granted,* 516 U.S. 1070, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *see generally State v. Wicklund,* 589 N.W.2d 793, 797 (Minn.1999) (appellate review of the application of constitutional provisions are determinations of law and therefore the standard of review is de novo).

■ That a verdict of acquittal cannot be reviewed, on error or otherwise, without putting the defendant twice in jeopardy, and thereby violating the United States Constitution, is a fundamental rule in double jeopardy jurisprudence. *See State v. Gurske,* 395 N.W.2d 353, 355 (Minn.1986) (quoting *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896)). Once a defendant has been acquitted, no matter how "egregiously erroneous" the legal rulings leading to the judgment of acquittal might be, double jeopardy principles forbid successive trials for the same offense. *See Sanabria v. United States,* 437 U.S. 54, 65, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (quoting *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)). *See also Arizona v. Rumsey,* 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) ("[r]eliance on an error of law * * * does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits. The fact that the acquittal may result from * * * erroneous interpretations of governing legal principles * * * affects the accuracy of that determination, but it does not alter its essential character") (citations omitted).

■ Jeopardy attaches in a jury trial when the jury is empanelled and sworn. *See Crist v. Bretz,* 437 U.S. 28, 36, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). It continues, absent an interim order terminating the trial, until there is a verdict. *Cf. United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). In Minnesota, verdict completion is defined by Minn.Stat. § 631.17 (1998) which provides that if, after filing and reading the verdict no disagreement is expressed by the jury, the verdict is complete.

The state argues that the verdict completion provisions of section 631.17 were

---

1. Minnesota Statutes § 631.17 (1998) provides that, "[w]hen a verdict such as the court may receive is returned, the court administrator shall immediately file it in open court and read it to the jury, and ask the jurors if it is their verdict. * * * If no disagreement is expressed by the jury, the verdict is complete, and the court shall discharge the jury from the case."

not triggered in this case because the verdict was not "capable of receipt." *See State v. Leroy*, 594 N.W.2d 193, 194 (Minn. App.1999).

■ We disagree. The jury's exposure to the amended complaint was a trial error. The timing of the district court's response to the trial error does not convert it from a trial error into a non-receivable verdict under section 631.17. During a trial—even toward the very end of a trial—if the court receives information suggesting that the jury has been exposed to taint or prejudice, the court must decide what it will do with that information. We have held that district courts have abused their discretion in that regard. *See State v. Gegen*, 275 Minn. 568, 147 N.W.2d 925, 926 (1967); *cf. State v. Bowles*, 530 N.W.2d 521 (Minn.1995). We have not held, however, that an abuse of the district court's discretion so alters the essential character of a verdict that it is rendered not receivable.

■ In this case, verdict completion was imminent, but jeopardy had not actually concluded when the district court learned of the possible taint. Prior to the reading of the verdict, the court should have informed counsel about the jury's exposure to the amended complaint and accepted motions for mistrial at that time, or considered whether there was sufficient basis to declare a mistrial *sua sponte*. However, if there was error—even egregious error—in the way the court handled the information, that does not affect appellant's right not to be retried on a count of acquittal. *See Sanabria*, 437 U.S. at 65, 98 S.Ct. 2170.

■ We next consider the effect of defense counsel's post-acquittal mistrial motion. The state urges us to hold that the motion constituted a waiver of the fundamental right not to be tried again after an acquittal.

In that regard, we first observe that the Minnesota Rules of Criminal Procedure contain no provision for making a mistrial motion after the trial is over. Rule 26.04 lists permissible post-verdict motions, and does not include mistrial motions. More importantly, a criminal defendant has a fundamental right not to be "haled into court" to face successive prosecutions following acquittal. *See generally Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam). While a defendant may knowingly, intelligently and voluntarily waive a known right, *see State v. Givens*, 544 N.W.2d 774, 777 (Minn. 1996), we question whether a defendant can, through waiver, confer on the state the power to reprosecute following acquittal. We need not answer that question because the record in this case is devoid of evidence that this appellant knowingly waived this most fundamental right.

■ For the reasons set forth above, the post-verdict mistrial motion was both constitutionally impermissible and impermissible under the Rules of Criminal Procedure. We therefore hold that it was void, and that the district court's order granting the mistrial motion was also void and of no consequence.

■ Finally, appellant asserts that defense counsel "misspoke" when requesting the mistrial. She argues that the motion should be considered a request for a new trial on the count on which the jury returned a guilty verdict, and that the district court's mistrial order should be considered an order granting this reconstructed new trial motion. That argument is without merit. The district court did not entertain the post–verdict motion with the understanding that it was hearing a motion for a new trial. The record does not reveal what the district court would have done had counsel asked for a new trial on the count of conviction rather than a mistrial on both the count of conviction and the count of acquittal. However, under the peculiar facts of this case, to deny appellant the opportunity to file a new trial motion on the conviction for disorderly conduct, based upon the obvious error of counsel, would not be in

the interests of justice. Therefore, we grant leave to appellant to file a new trial motion under Minn. R.Crim. P. 26.04 with respect to the conviction for disorderly conduct, if she so chooses.

Reversed with leave for appellant to file a motion for new trial in accordance with Minn. R.Crim. P. 26.04.