STATE of Minnesota, Respondent,

v.

James Edward LARGE, petitioner,

Appellant.

No. C8–99–566.

Supreme Court of Minnesota.

March 16, 2000.

Michael F. Cromett, McMahon Cromett Criminal Defense P.L.L.P., Roseville, for appellant.

Mike Hatch, Minnesota Attorney General, Catherine Keane, Assistant Attorney General, Saint Paul, Earl E. Maus, Cass County Attorney, Walker, for respondent.

## OPINION

GILBERT, Justice.

A jury acquitted appellant James Edward Large on three of four counts of criminal sexual conduct and deadlocked on the fourth count relating to "multiple acts" of criminal sexual conduct. We must decide whether the state may appeal the trial court's dismissal of the fourth count. The court of appeals held that the case was dismissed solely on a question of law and that dismissal would constitute a constitutional impediment to reissuance of the complaint. Therefore, the court of appeals held that the state's appeal was proper. We reverse.

In 1998, James Edward Large was charged by criminal complaint in Cass County with four counts of criminal sexual conduct involving two minor children. Two counts alleged offenses involving a young female that occurred during the fall of 1994 through March of 1996. Appellant was acquitted of these two counts and they are not the subject of this appeal.

The two remaining counts involve appellant's alleged offenses against a young male complainant who was a brother of the female complainant. These two offenses are alleged to have occurred within two weeks of each other some time between 1992 and 1994. The probable cause portion of the complaint alleged that on one occasion appellant improperly touched the boy and then induced the boy to touch appellant's genitals. The complaint goes on to allege that, approximately two weeks later, appellant again touched the boy and induced the boy to perform an oral sex act on appellant.

The complaint alleged that these acts violated two provisions of the law. In Count 3, appellant was charged with criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342, subd. 1(a) (1998). This charge was based on the allegation that appellant, who is more than 36 months older than the minor male, engaged in sexual penetration with another person under the age of 13. Count 4 charged appellant with criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.343, subd. 1(h)(iii) (1998), based on the allegation that appellant engaged in sexual contact involving multiple acts of abuse over an extended period of time with a person under 16 years of age with whom the appellant had a significant relationship.

A jury trial was held and the male complainant, who was 13 years old at the time of the trial, testified about both incidents. As required under Minn.Stat. § 609.343, subd. 1(h)(iii), appellant had a significant relationship with the complainant. The complainant testified about the allegations of multiple contacts as stated in the complaint.

The trial court gave instructions relating to Counts 3 and 4 at the conclusion of the trial. The instructions are not at issue in this appeal. Instructions for Count 3 related to the sexual penetration charge. Instructions for Count 4 related to sexual contact charges in the second degree, including an instruction that the jury must find that "the sexual abuse involved multiple acts committed over an extended period of time."

After the trial court instructed the jury, the jury retired to deliberate at 4:45 p.m. At approximately 10:09 p.m., the trial court brought the jury to the courtroom after being informed that the jury had reached a verdict on three of the counts but had not decided on the fourth. The trial court inquired whether it would be helpful to recess for the night and continue deliberations the following day. The jury foreperson responded negatively and the

other jurors agreed. At 10:16 p.m., the trial court sent the jurors back to the jury room while the trial court conferred with counsel off the record. At 10:42 p.m., the lawyers and the trial court went on the record outside the presence of the jury.

The trial court asked defense counsel if he would "accept the verdict on three counts." Counsel stated that he wished the trial court would first bring the jury back and inquire if there had been any change. The trial court indicated that any change was unlikely. After conferring with his client, counsel indicated that "our position will be that if the jury indicates that they are hopelessly deadlocked, we would accept a partial verdict." The state also agreed to accept a partial verdict. The trial court asked appellant if "that['s] what you've agreed to do?" The appellant replied "Yes."

At 10:50 p.m., the jury was brought back in. The trial court asked if there had been any further progress, to which the jury foreperson replied "No more." The trial court then asked whether there was any hope that if they continued to deliberate there would be any progress towards a verdict. The foreperson replied "no." The trial court then confirmed this answer by asking the jurors whether any members of the jury disagreed with that position. The jury then returned not guilty verdicts on Counts 1, 2 and 3. The jury did not return a verdict on Count 4.

The trial court excused the jury and the following discussion occurred:

> THE COURT: The defendant is discharged and all conditions of release are vacated. You're free to leave. That's all. If there is nothing further, the hearing is adjourned.
>
> [COUNSEL for state]: Your Honor, what's the [trial court's] position on the count [the jury] didn't reach a verdict on?
>
> THE COURT: I guess that's still something that's open to discussion.
>
> [COUNSEL for state]: I believe that the case law says that the State can proceed for a retrial but only on that last count. And the State would ask the Court declare as to a mistrial on the remaining count.
>
> THE COURT: Mr. Sommer?
>
> [COUNSEL for appellant]: I'd ask that the Court reserve judgment on that until I've had a chance to consider that issue.
>
> THE COURT: I will reserve judgment until Monday, March 8th, with respect to that matter and give both parties a chance to address the issue.

Appellant subsequently moved to dismiss Count 4 under Minn.Stat. § 609.035, subd. 1 (1998).[1] Appellant argued that the state only alleged two incidents that could constitute the multiple acts, an alleged touching and two weeks later, an alleged touching followed by an oral sex act. He then argued that an acquittal of the charge relating to the penetration (oral contact) would constitute an acquittal of the lesser-included charge relating to touching under section 609.035, subdivision 1 because the oral contact and touching were all part of the same behavioral incident. *See generally State v. Johnson*, 273 Minn. 394, 399, 141 N.W.2d 517, 522 (1966) (holding that the purpose of the statute is "to limit punishment to a single sentence when a single behavioral incident resulted in the violation of more than one criminal statute" (citation omitted)). After the application of section 609.035, subdivision 1, appellant argued that the state is only left

---

1. "[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn.Stat. § 609.035, subd. 1 (1998).

with evidence of one contact and, therefore, Count 4, which requires proof of "multiple acts," should be dismissed.

The state argued that the jury acquitted only on the alleged penetration but deadlocked on the alleged acts of sexual contact; thus, the appellant could be retried. The trial court took the matter under advisement and ultimately issued an order granting appellant's motion to dismiss pursuant to Minn.Stat. § 609.035, subd. 1. The trial court reasoned in the memorandum attached to its order as follows:

Because the jury acquitted the defendant of Count 3, it would constitute an acquittal of all lesser included counts of Count 3 of the Complaint even though no lesser counts were asked to be submitted to the jury. Because an acquittal on that count leaves only a single act of criminal sexual conduct, it must also constitute an acquittal on Count 4 of the Complaint.

The trial court further wrote,

In the case at hand, the fourth count of the Complaint, under the language of the charged statute, requires multiple acts. Because an acquittal on Count 3 left only a single act of criminal sexual conduct, Count 4 cannot stand alone, and therefore cannot be retried.

The state subsequently filed a motion for reconsideration, which the trial court denied.

The state appealed. The court of appeals reversed the trial court and remanded for a new trial on Count 4. See State v. Large, No. C8-99-566, 1999 WL 508658, at *3 (Minn.App. July 20, 1999). The court of appeals stated that the "state's right to appeal in criminal cases is strictly construed" and then determined that the state's appeal was proper because the case was dismissed "solely on a question of law * * * [which] would constitute a constitutional impediment to reissuance of the complaint." *Id.* at *1. The court then held that a "retrial" of a deadlocked count is not a further or multiple "prosecution" under the language of Minn.Stat. §§ 609.035 and 609.04, subd. 2 (1998) and thus, is not barred. *See Large,* 1999 WL 508658, at *1. It further held that although the state would be barred from filing a new complaint out of the same criminal conduct, it was not barred in retrying charges tried but unresolved. *See id.* at *2. Utilizing the same logic, the court also rejected appellant's collateral estoppel argument. *See id.* at *3.

■■■ The Double Jeopardy Clauses of the United States and Minnesota Constitutions [2] protect a criminal defendant from a second prosecution for the same offense after an acquittal on the merits. *See U.S. Const. amend. V* ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"); Minn. Const. art. 1, § 7 ("no person shall be put twice in jeopardy of punishment for the same offense"). An appellate court reviews de novo the constitutional issues of double jeopardy. *See State v. Leroy,* 604 N.W.2d 75, 77 (Minn.1999). Minnesota Rules of Criminal Procedure 28.04, subd. 1 also provides limitations on the state's right to appeal.

■■■ Jeopardy attaches in a jury trial when the jury is empanelled and sworn. *See Leroy,* 604 N.W.2d at 77 (citing *Crist v. Bretz,* 437 U.S. 28, 36, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978)). In the context of an acquittal, we have held that jeopardy continues, absent an interim order terminating the trial on the merits, until there is a verdict. *See id.* In Minnesota, verdict completion is defined by Minn.Stat. § 631.17 (1998), which provides that if, after filing and reading the verdict, no disagreement is expressed by the jury, the verdict is complete. Jeopardy can also

---

**2.** The Double Jeopardy Clauses of the United States and Minnesota Constitutions offer similar protections to criminal defendants. *See State v. McKenzie,* 542 N.W.2d 616, 618 (Minn.1996); *State v. Fuller,* 374 N.W.2d 722,

727 (Minn.1985). Because it is not necessary in order to resolve this case, we decline to decide whether the Minnesota Constitution affords greater double jeopardy protection than the United States Constitution.

terminate short of verdict completion on all counts. *See generally* Minn. R.Crim. P. 26.03, subd. 19(7) (authorizing trial court to accept partial verdicts where the jury cannot agree on all counts). If the jury is either "discharged or prevented from giving a verdict because of accident, disagreement, or other cause, the case may be again tried at the same or another term, unless the defendant is discharged during the trial or after the case has been submitted to the jury." Minn.Stat. § 631.13 (1998).

 Here, both parties agreed to and the trial court declared a partial verdict. By accepting a partial verdict, the appellant acknowledged that the jury was deadlocked on at least one count. *See generally* Minn. R.Crim. P. 26.03, subd. 19(7); *State v. Olkon*, 299 N.W.2d 89, 105 (Minn. 1980). Retrial on a count on which the jury deadlocked and the court declared a mistrial is typically not barred by the Double Jeopardy Clause of the United States Constitution. *See Richardson v. United States*, 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984). A hung jury is the "classic basis" of manifest necessity permitting a proper declaration of mistrial. *See Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 831, 54 L.Ed.2d 717 (1978). Where there has been a declaration of mistrial by the trial court because of manifest necessity, retrial is normally not barred because the original jeopardy has not terminated. *See Richardson*, 468 U.S. at 325, 104 S.Ct. at 3084; *see also State v. Fuller*, 374 N.W.2d 722, 726 (Minn. 1985) (citing *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982)). In this case, however, no declaration of a mistrial occurred even after the state requested such a ruling. Therefore, we must examine the action of the trial court in order to determine if that action amounts to an acquittal, thus barring the state's appeal.

 It is a fundamental rule in double jeopardy jurisprudence that a verdict of acquittal on the merits cannot be reviewed on error or otherwise without putting the defendant twice in jeopardy, thereby violating the United States and Minnesota Constitutions. *See United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896); *Leroy*, 604 N.W.2d at 77. A verdict of acquittal on the merits deprives the state of an opportunity to appeal and deprives us of jurisdiction to review the lower court's ruling. *See generally* Minn. R.Crim. P. 28.04, subd. 1. This is true even if the acquittal on the merits results from a trial court's "reliance on an error of law" such as "erroneous evidentiary rulings or erroneous interpretations of governing legal principles." *Arizona v. Rumsey*, 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (citation omitted); *see also Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (holding that even where the ruling leading to the acquittal on the merits is "egregiously erroneous," defendant cannot be retried).

 A trial court's actions amount to an acquittal on the merits when "the ruling of the judge, whatever its label, actually represents a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offenses charged." *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (alteration in original) (citation omitted); *see also* Minn.Stat. § 630.32 (1998). The Supreme Court in *Scott* stated that when a defendant successfully terminates proceedings after jeopardy has attached because he argues, and the trial court finds, that the government has failed to make a case against him, the trial court's action amounts to an acquittal and cannot be appealed. *See Scott*, 437 U.S. at 96–97, 98 S.Ct. 2187. If a defendant seeks to terminate the prosecution on grounds unrelated to factual guilt or innocence and persuades the trial court to dismiss on a basis which does not depend on factual guilt or innocence, jeopardy will not bar retrial. *See id.* at 98–99, 101, 98 S.Ct. 2187.

 In this case, although the prosecution asked for a mistrial after the jury was

dismissed, the trial court initially left open the question of the resolution of the remaining count. At a hearing held to discuss resolution of that count, the appellant made a motion for dismissal, arguing that the application of Minn.Stat. § 609.035, subd. 1 left insufficient evidence to find the appellant guilty of Count 4. The trial court granted the appellant's motion. Thus, the crucial question for us is whether it is clear that the trial court "evaluated the [state]'s evidence and determined that it was legally insufficient to sustain a conviction" or whether the defendant sought to terminate the prosecution solely on a legal claim unrelated to factual guilt or innocence. *Scott,* 437 U.S. at 97, 98 S.Ct. 2187 (citations omitted).

In answering this question, we are offered some guidance by looking at *Sanabria,* a companion case to *Scott. See Sanabria,* 437 U.S. at 54, 98 S.Ct. 2170. There, the Supreme Court, in assessing the government's right to appeal, held that "the ruling below is properly to be characterized as an erroneous evidentiary ruling, which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error." *Id.* at 68–69, 98 S.Ct. 2170. In *Sanabria,* the lower court erroneously excluded evidence and relied on the paucity of the remaining evidence to acquit the defendant. *See id.* at 59, 98 S.Ct. 2170. The Supreme Court held that the action amounted to an acquittal on the merits because the lower court had made a factual determination about guilt or innocence. *See id.* at 74, 98 S.Ct. 2170.

■■■ Here, appellant made a motion for dismissal after the jury had been discharged. This "motion to dismiss" is more correctly characterized as a motion for judgment of acquittal after discharge of the jury, made pursuant to Minn. R.Crim. P. 26.03, subd. 17(3).[3] *See also Gurske,* 395 N.W.2d at 356. We must look to the "substance" of the ruling rather than merely to its "form." *Id.* at 355–56 (citing *United States v. Martin Linen,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). As in *Sanabria,* where the Supreme Court found that it was appropriate to consider but not rely on the trial court's characterization of its ruling, 437 U.S. at 66, 98 S.Ct. 2170, we note that while the trial court granted appellant's motion to dismiss, it also characterized the action as "an acquittal on Count 4." The trial court found that because "an acquittal on Count 3 left only a single act of criminal sexual conduct, Count 4 cannot stand alone, and therefore cannot be retried." The trial court made a ruling that because of the acquittal on Count 3 and the application of Minn.Stat. § 609.035, subd. 1, there was insufficient evidence to convict on Count 4. We make no judgment as to the propriety of that decision, nor need we. *See Arizona,* 467 U.S. at 211, 104 S.Ct. 2305. However, even if that legal ruling was in error, the trial court, after looking at the remaining evidence, decided that the state had not produced evidence sufficient to establish the appellant's guilt on the deadlocked count. We hold that the trial court's action amounts to an acquittal on the merits.

Such actions by the trial court implicate double jeopardy principles. The Supreme Court has long recognized that the purpose of the Double Jeopardy Clause is to avoid "Government oppression." *Scott,* 437 U.S. at 99, 98 S.Ct. 2187. The Court said:

> The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated

---

**3.** "If the jury returns a verdict or is discharged without having returned a verdict, a motion for judgment of acquittal may be made * * * if no verdict is returned, the court may enter judgment of acquittal. Such a motion is not barred by defendant's failure to make a similar motion prior to the submission of the case to the jury." Minn. R. Civ. P. 26.03, subd. 17(3).

attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.

*Id.* at 87, 98 S.Ct. 2187 (citation omitted). The Double Jeopardy Clause of the United States Constitution bars retrial in these circumstances. The court of appeals thus lacked jurisdiction over the state's appeal.

Reversed.

PAGE, J., took no part in the consideration or decision of this case.