STATE of Minnesota, Respondent,

v.

Jose Miguel CHAVARRIA–CRUZ, Appellant.

No. A11–1181.

Supreme Court of Minnesota.

Nov. 20, 2013.

Melissa Sheridan, Assistant State Public Defender, Eagan, MN, for appellant.

Lori Swanson, Attorney General, Saint Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant Hennepin County Attorney, Minneapolis, MN, for respondent.

## OPINION

ANDERSON, Justice.

A grand jury indicted appellant Jose Miguel Chavarria–Cruz with first-degree premeditated murder for the benefit of a gang arising out of the shooting death of Carlos Hernandez Perez. Following a jury trial, Chavarria–Cruz was found not guilty of the first-degree murder offense but guilty of the lesser-included offense of second-degree intentional murder for the benefit of a gang. The district court convicted Chavarria–Cruz on the second-degree murder offense and imposed a 350–month sentence. On appeal, we held that Chavarria–Cruz's right to counsel was violated, vacated the second-degree murder conviction, and remanded for a new trial. On remand, a second grand jury indicted Chavarria–Cruz with first-degree felony murder for the benefit of a gang and second-degree intentional murder for the benefit of a gang. Chavarria–Cruz filed a pretrial motion to dismiss the felony murder charge, arguing that the charge violated the constitutional and statutory prohibitions against double jeopardy because he had been acquitted of the first-degree premeditated murder charge. The district court denied the motion. Following a second jury trial, Chavarria–Cruz was found guilty of first-degree felony murder for the benefit of a gang and second-degree intentional murder for the benefit of a gang.

The court convicted Chavarria–Cruz on the second-degree murder offense and imposed a 350–month sentence.[1] After the court of appeals affirmed, we granted review on two issues. First, whether the State presented sufficient evidence to support the conviction of second-degree intentional murder for the benefit of a gang. Second, whether the district court erred when it denied the pretrial motion to dismiss the felony murder charge. Based on our review of the record, we affirm the conviction of second-degree intentional murder for the benefit of a gang. However, because the district court failed to properly analyze the double jeopardy issue, we reverse the district court's denial of Chavarria–Cruz's pretrial motion to dismiss.

A detailed statement of the facts can be found in *State v. Chavarria–Cruz*, 784 N.W.2d 355 (Minn.2010); therefore, we will set out only the facts relevant to this appeal. On May 1, 2006, Carlos Hernandez Perez died on the driveway of his Bloomington home after sustaining four gunshot wounds. Hernandez was associated with the Vatos Locos gang, which was engaged in an ongoing conflict with the Sureños 13 gang. The investigation of Hernandez's murder led police to suspect a group of five Sureños 13 members, includ-

ing Chavarria–Cruz. On October 19, 2006, Chavarria–Cruz gave a statement to police. During the statement, he admitted the following. He and his fellow Sureños 13 members went to Hernandez's house and stole drugs and shoes from Hernandez. After a struggle, Hernandez ran away. Chavarria–Cruz shot at Hernandez as he ran. Nevertheless, Chavarria–Cruz claimed he did not intend to kill Hernandez, and that he did not find out until the following day that Hernandez had been shot and killed.

Following the police investigation, a Hennepin County grand jury indicted Chavarria–Cruz with first-degree premeditated murder, Minn.Stat. § 609.185(a)(*l*) (2012). Chavarria–Cruz pleaded not guilty and demanded a jury trial.

At trial, the State offered Chavarria–Cruz's October 19 statement into evidence. The State also presented extensive testimony from various people establishing that Chavarria–Cruz went to Hernandez's house on the night of the murder. F.S. testified that Chavarria–Cruz and another man got out of the car at Hernandez's home carrying guns. F.S. remained in the car, but heard gunshots. Chavarria–Cruz and the other man then ran back to the car, carrying a pair of shoes. F.S. heard

---

1. Chavarria–Cruz alleges that the district court entered a judgment of conviction based on the jury's guilty verdict on the offense of first-degree felony murder for the benefit of a gang. The dissent contends that the district court's statement—"We'll enter judgment of conviction on the count which is euphemistically referred to as first-degree murder, but the jury was never really told that either"— clearly demonstrates that the district court entered a judgment of conviction based on the jury's guilty verdict on the offense of first-degree felony murder for the benefit of a gang. Based on our careful review of the record, we are not satisfied that a judgment of conviction was entered on the first-degree felony murder offense, especially in light of the

district court's use of the phrase "euphemistically referred to as" and the court's rather cryptic remark that "the jury was never really told that either." Therefore, we do not address Chavarria–Cruz's request to vacate the alleged first-degree felony murder conviction. Additionally, the dissent contends that we should vacate the jury's verdict finding Chavarria–Cruz guilty of first-degree murder. In light of the record before us, we decline to award the relief suggested by the dissent because Chavarria–Cruz has not requested such relief. *See State v. Grecinger*, 569 N.W.2d 189, 193 n. 8 (Minn.1997) (explaining that issues not argued in briefs are deemed waived on appeal).

Chavarria–Cruz admit to shooting his gun, while the other man stated that the clip on his gun had fallen out. The jury acquitted Chavarria–Cruz of the first-degree premeditated murder charge, but found him guilty of the lesser-included offense of second-degree intentional murder for the benefit of a gang, Minn.Stat. §§ 609.19, subd. 1(1), 609.229, subd. 2 (2012). The court convicted Chavarria–Cruz of the second-degree murder offense and imposed a 350–month sentence.

On appeal, we held that the district court erred in admitting the statements Chavarria–Cruz gave to police after he attempted to invoke his right to counsel. *State v. Chavarria–Cruz,* 784 N.W.2d 355, 365 (Minn.2010). Given the powerful evidentiary value of Chavarria–Cruz's statement, we further held that the error in admitting the statement was not harmless beyond a reasonable doubt. *Id.* We therefore reversed the second-degree murder conviction and remanded for a new trial. *Id.*

■ On remand, the district court granted the State's motion to return the case to a grand jury. A second Hennepin County grand jury indicted Chavarria–Cruz with several offenses, including first-degree felony murder for the benefit of a gang, Minn.Stat. §§ 609.185(a)(3), 609.229, subd. 2 (2012), and second-degree intentional murder for the benefit of a gang, Minn.Stat. §§ 609.19, 609.229, subd. 2. Chavarria–Cruz filed a pretrial motion to dismiss the first-degree felony murder charge on double jeopardy grounds, argu-

ing that the jury's previous acquittal on the first-degree premeditated murder offense barred prosecution of the first-degree felony murder charge.[2] The district court denied the motion, explaining that if any future sentence on the felony murder charge was capped at 350 months, the court did not "see any of the principles of the double jeopardy clause being violated by allowing [the State] to proceed on [the felony murder charge]."

At the second trial, the State presented the same evidence as the first trial, with the exception of Chavarria–Cruz's now-suppressed statement. F.S. testified that he did not remember his testimony from the first trial, so the court allowed the State to read his previous testimony to the jury. Additionally, the State presented the testimony of M.G., a member or former member of Sureños 13. M.G. testified that within two days of the shooting, Chavarria–Cruz described the circumstances in a way that matched F.S.'s testimony, and that Chavarria–Cruz had admitted to being the shooter. M.G. admitted that he expected to receive a reduced sentence in exchange for his cooperation. The jury found Chavarria–Cruz guilty on all counts. The district court again sentenced Chavarria–Cruz to 350 months for second-degree murder for the benefit of a gang.

Chavarria–Cruz appealed, arguing in part that the district court erred when it denied his pretrial motion to dismiss the first-degree felony murder offense and that there was insufficient evidence to support his conviction of second-degree intentional murder for the benefit of a gang.

---

**2.** In his brief to this court, Chavarria–Cruz concedes that "because [we] reversed [his] second-degree murder convictions and remanded for [a new] trial, the state had every right to retry [him] for second-degree murder." His concession is consistent with well-established law that the Double Jeopardy Clause does not bar reprosecution of the offense of conviction when the conviction has been overturned on appeal because of a procedural error. *Evans v. Michigan,* —— U.S. ——, 133 S.Ct. 1069, 1075, 185 L.Ed.2d 124 (2013); *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 308, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

The court of appeals affirmed. *State v. Chavarria–Cruz*, No. A11–1181, 2012 WL 2873887 (Minn.App. July 13, 2012).[3]

## I.

■ Chavarria–Cruz first argues that the State failed to present sufficient evidence to support his conviction of second-degree intentional murder for the benefit of a gang. More specifically, he argues that the State failed to adequately corroborate F.S.'s accomplice testimony. We disagree.

■ When reviewing the sufficiency of the evidence leading to a conviction, this court will "view the evidence in the light most favorable to the verdict and assume that the factfinder disbelieved any testimony conflicting with that verdict." *State v. Holliday*, 745 N.W.2d 556, 562 (Minn.2008) (citation omitted) (internal quotation marks omitted). "The verdict will not be overturned if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the jury could reasonably have found the defendant guilty of the charged offense." *State v. Leake*, 699 N.W.2d 312, 319 (Minn.2005).

■ We acknowledge that "[a] conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." Minn.Stat. § 634.04 (2012). However, "corroborative evidence need not be of itself adequate to establish a prima facie case of guilt." *State v. Sorg*, 275 Minn. 1, 5, 144 N.W.2d 783, 786 (1966). Instead, it must simply "affirm the truth of the accomplice's testimony and point to the guilt of the defendant in some substantial degree." *Id.* at 5, 144 N.W.2d at 786.

M.G. testified that Chavarria–Cruz described the circumstances of the murder and admitted to being the shooter. The nonaccomplice testimony provided by M.G. substantially matched the accomplice testimony provided by F.S. The favorable plea bargain M.G. received in exchange for his testimony is relevant to issues of weight and credibility that are reserved for the jury. Viewing the evidence in a light most favorable to the verdict, we conclude that M.G.'s testimony adequately affirmed the truth of the accomplice testimony provided by F.S. We therefore affirm Chavarria–Cruz's conviction of second-degree intentional murder for the benefit of a gang.

## II.

■ Chavarria–Cruz next argues that the district court erred when it denied his

---

**3.** With regard to the double jeopardy issue, the court of appeals concluded that Chavarria–Cruz failed to satisfy the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Chavarria–Cruz*, No. A11–1181, 2012 WL 2873887 at *3. We recently reaffirmed the use of the *Blockburger* test to determine whether a subsequent prosecution violates double jeopardy. *State v. Holmes*, 778 N.W.2d 336, 340–41 (Minn. 2010). In his brief to our court, Chavarria–Cruz concedes that he cannot satisfy the *Blockburger* test because first-degree premeditated murder and first-degree felony murder "do not contain the 'same elements.'" Nevertheless, he contends that the facts of his case are controlled by *Brown v. Ohio*, in which the Supreme Court noted that the "*Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense." 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Court in *Brown* stated that "successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Id.* Because the second prosecution in this case did not require relitigation of factual issues already resolved by the first prosecution, we conclude that the facts of this case are not controlled by *Brown*.

pretrial motion to dismiss the first-degree felony murder charge. We agree.

We review de novo a district court's application of the Double Jeopardy Clause. *State v. Leroy*, 604 N.W.2d 75, 77 (Minn.1999). The Fifth Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment, provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Minnesota Constitution similarly provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. art. I, § 7. "[T]he Double Jeopardy Clause protects criminal defendants not just from multiple punishments, but multiple prosecutions." *Hankerson v. State*, 723 N.W.2d 232, 248 (Minn.2006) (Page, J., dissenting).

Here, the district court stated that if any future sentence on the felony murder charge was capped at 350 months, it did not "see any of the principles of the double jeopardy clause being violated by allowing [the State] to proceed on [the felony murder charge]." Because the Double Jeopardy Clause protections are not limited to punishment, we conclude that the district court failed to properly analyze the double jeopardy issue when it focused solely on future punishment.

Our conclusion is consistent with the United States Supreme Court's analysis in

*Price v. Georgia*, 398 U.S. 323, 331, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). In *Price*, the Court rejected the government's contention that "[b]ecause the petitioner was convicted of the same crime at both the first and second trials, and because he suffered no greater punishment on the subsequent conviction, ... the second jeopardy was harmless error." *Id.* The Court explained in *Price* that "[t]he Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly." *Id.*

Like the government's contention in *Price*, the district court's conclusion that the principles of the Double Jeopardy Clause would not be violated if Chavarria–Cruz received no greater punishment on the subsequent conviction was flawed for the reasons articulated by the Supreme Court in *Price*. Because the district court failed to properly analyze the double jeopardy issue when it focused solely on future punishment, we reverse the district court's denial of Chavarria–Cruz's pretrial motion to dismiss the felony murder charge.[4]

Our conclusion that the district court erred in denying the pretrial motion to dismiss the felony murder charge does not end our analysis; rather, we must next consider whether the error warrants a new

---

**4.** Because we conclude that the district court failed to properly consider the protections provided by the Double Jeopardy Clauses of the state and federal constitutions, we need not reach Chavarria–Cruz's alternative claim that the denial of his pretrial motion to dismiss the felony murder charge violated the protections of Minn.Stat. §§ 609.035, subd. 1, 609.04 (2012). We also need not consider Chavarria–Cruz's claim of prosecutorial vindictiveness. Nevertheless, we question the

wisdom of the decisions made by the State on remand, which include seeking a second indictment for the offense of first-degree felony murder and agreeing not to appeal if the district court imposed a 350–month sentence for the offense of first-degree felony murder, which ordinarily carries a life sentence. By not simply retrying Chavarria–Cruz on the second-degree murder charge, the State complicated the remand proceedings.

trial in this case.[5] The United States Supreme Court has rejected an argument that when a jeopardy-barred offense is improperly retried, the appropriate remedy is a new trial. *Morris v. Mathews*, 475 U.S. 237, 246–47, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). The Court in *Mathews* explained that "one of the purposes of the Double Jeopardy Clause is to prevent multiple prosecutions and to protect an individual from suffering the embarrassment, anxiety, and expense of another trial for the same offense," and therefore "it would be incongruous always to order yet another trial as a means of curing a violation of the Double Jeopardy Clause." *Id.* at 247, 106 S.Ct. 1032. Consequently, the court in *Mathews* adopted the following rule:

> [W]hen a jeopardy-barred conviction is reduced to a conviction for a lesser included offense which is not jeopardy barred, the burden shifts to the defendant to demonstrate a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent the presence of the jeopardy-barred offense.

*Id.* at 246–47, 106 S.Ct. 1032. The *Mathews* Court further explained that for purposes of the new rule "a 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 247, 106 S.Ct. 1032 (citing *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Having affirmed Chavarria–Cruz's conviction for the nonjeopardy-barred offense of second-degree intentional murder for the benefit of a gang, we conclude that the reasoning underlying the *Mathews* rule applies with equal force here. Ordering a new trial in this case would undermine the purpose of the Double Jeopardy Clause by exposing Chavarria–Cruz to the embarrassment, anxiety, and expense of another trial. Applying the *Mathews* rule to the facts of this case, we conclude that there is no reasonable probability that Chavarria–Cruz would have been acquitted of the nonjeopardy-barred charge of second-degree intentional murder for the benefit of a gang in the absence of the jeopardy-barred charge of first-degree felony murder for the benefit of a gang. A new trial is therefore not warranted in this case.

Affirmed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

PAGE, Justice (concurring in part, dissenting in part).

I concur in part and dissent in part. I agree with the court that Chavarria–Cruz is not entitled to a new trial. I disagree, however, with the way the court gets to its result. Under our jurisprudence, the court should have addressed Chavarria–Cruz's claims under Minn.Stat. § 609.04 (2012) and Minn.Stat. § 609.035 (2012), in addition to his double jeopardy claim. Moreover, the double jeopardy claim deserves more than the cursory treatment given it by the court. Finally, Chavarria–Cruz is entitled to have the first-degree felony murder verdict and conviction vacated.

At his first trial, Chavarria–Cruz was tried for first-degree premeditated murder, in violation of Minn.Stat. § 609.185(a)(1) (2012), and second-degree intentional murder, in violation of Minn. Stat. § 609.19, subd. 1(1) (2012), as a result

---

5. At oral argument, defense counsel clarified that Chavarria–Cruz was requesting a new trial on the second-degree murder offense.

of Hernandez's death. The jury acquitted him of first-degree premeditated murder but found him guilty of second-degree intentional murder. The court convicted him and imposed a 350–month sentence for the second-degree murder conviction. Concluding that Chavarria–Cruz's right to counsel had been violated, we reversed his conviction and remanded to the district court for a new trial. *State v. Chavarria–Cruz*, 784 N.W.2d 355 (Minn.2010). On remand, the State successfully sought a new indictment charging Chavarria–Cruz with first-degree felony murder, in violation of Minn.Stat. § 609.185(a)(3) (2012), in addition to second-degree intentional murder, in violation of Minn.Stat. § 609.19, subd. 1(1).

At a pretrial hearing, Chavarria–Cruz strongly objected to the first-degree felony murder charge on double jeopardy grounds. His objection was overruled. Before trial, the trial court indicated that it would limit any sentence to 350 months for any conviction Chavarria–Cruz might receive. The State agreed on the record that it would not appeal any such sentence imposed. After retrial, the jury found Chavarria–Cruz guilty of both charges

and, as I read the record, the district court adjudicated Chavarria–Cruz guilty of first-degree murder [1] and imposed a sentence of 350 months. The court of appeals affirmed. *State v. Chavarria–Cruz*, No. A11–1181, 2012 WL 2873887 (Minn.App. July 13, 2012).

On appeal, Chavarria–Cruz argues that, on retrial, trying him for first-degree felony murder violated Minn.Stat. §§ 609.04 and 609.035, and the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 7, of the Minnesota Constitution. As a remedy for these violations, Chavarria–Cruz again seeks a new trial on the second-degree murder charge. Whether sections 609.04 and 609.035 and the Double Jeopardy Clause were violated present legal questions that we review de novo.

## I.

Minnesota Statutes § 609.04 provides that "[a] conviction or acquittal of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." Minn.Stat. § 609.04, subd. 2. "[W]e have consistently held that

---

1. It is clear from the record that the trial court adjudicated Chavarria–Cruz guilty of first-degree murder. At the sentencing hearing, the State made the following argument:

    The State would ask that judgment of conviction be entered only on count one, which is murder in the first degree in the course of an aggravated robbery committed for benefit of a gang. The remainder of the counts would be lesser-includes. The presumptive sentence on this count, as the court knows, is life with possibility of release. However, the State has agreed not to appeal a sentence of 350 months. That would make the sentence consistent with what the defendant received following his first trial in which he was convicted of second degree intentional murder committed for benefit of a gang. So the State would ask that the Court impose a sentence of 350 months.

    In response to the State's argument, the court stated, "I candidly came here relatively committed to the idea that I'm going to sentence on the same count that I sentenced [Chavarria–Cruz on at his first trial] and enter judgment of conviction on the others." After hearing more argument from the State and defense counsel, the court ultimately stated:

    I'm going to sentence the defendant on the same count that I did, which is murder in the second degree for the benefit of a gang, to 350 months, with 1613 days. I might have said the wrong thing. 1613 days. *We'll enter judgment of conviction on the count which is euphemistically referred to as first degree murder,* but the jury was never really told that either. And the other counts merge.

    (Emphasis added.)

section 609.04 bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson,* 363 N.W.2d 758, 760 (Minn.1985). Moreover, "[i]n Minnesota, every lesser degree of murder is intended by [section] 609.04 to be characterized as an included offense." *State v. Hannon,* 703 N.W.2d 498, 509 (Minn.2005).

At his first trial, Chavarria–Cruz was acquitted of first-degree premeditated murder for the death of Hernandez. Because first-degree felony murder is an included offense of first-degree premeditated murder and because both charges arise from the same conduct—the killing of Hernandez—Chavarria–Cruz's acquittal of first-degree premeditated murder barred his subsequent first-degree felony murder prosecution for the death of Hernandez. Therefore, the district court erred when it failed to dismiss the first-degree murder indictment and allowed that charge to proceed to trial. Because the first-degree murder charge should have been dismissed, the jury's verdict and the trial court's adjudication of guilt for that offense must be vacated.

Whether Chavarria–Cruz is entitled to a new trial on the second-degree charge turns on the application of our harmless error standard for nonconstitutional errors. *See State v. Valtierra,* 718 N.W.2d 425, 435 n. 4 (Minn.2006) (describing the nonconstitutional harmless error test). That standard requires the defendant to prove that the error was prejudicial. *State v. Anderson,* 763 N.W.2d 9, 12 (Minn. 2009). Reversal is warranted " 'only when the error substantially influences the jury's decision.' " *State v. Chomnarith,* 654 N.W.2d 660, 665 (Minn.2003) (quoting *State v. Nunn,* 561 N.W.2d 902, 907 (Minn. 1997)). Whether the error here substantially influenced the jury's verdict turns on whether any evidence admitted to prove

first-degree felony murder would have been inadmissible at a trial on the second-degree intentional murder charge standing alone. If no such evidence was admitted, the error was harmless.

At trial, the State introduced the following evidence to prove Chavarria–Cruz's guilt. Chavarria–Cruz was a member of the Sureños 13 gang. The night of the murder, Chavarria–Cruz was driving around with several Sureños 13 members when they began receiving threatening phone calls from a rival gang, the Vatos Locos. The group decided to retaliate by robbing a Vatos Locos member. The group called Hernandez, believing he was a Vatos Locos member. Chavarria–Cruz convinced Hernandez to give Chavarria–Cruz his address. Chavarria–Cruz and four other men then rode in a car to Hernandez's home. Chavarria–Cruz and an accomplice got out of the car carrying guns. Shots were fired and Chavarria–Cruz and his accomplice returned to the car with a pair of shoes. The accomplice was not able to shoot his gun, but Chavarria–Cruz was. Several days later, Chavarria–Cruz admitted to another Sureños 13 member that he had killed Hernandez. The State also introduced several crime scene photographs, some of which showed that Hernandez was not wearing shoes after he died. There is nothing to suggest that any of this evidence would have been inadmissible had Chavarria–Cruz been tried for second-degree murder alone or if he were to be granted a new trial for that offense. Because all of this evidence would have been admissible had Chavarria–Cruz been tried solely on the second-degree murder charge, the error in trying him a second time for first-degree murder could not have substantially influenced the verdict.

The only element the State had to prove to establish the first-degree murder

charge that it did not have to prove to establish the second-degree murder charge was that the murder occurred during the commission of an aggravated robbery. Minn.Stat. §§ 609.185(a)(3), 609.19, subd. 1(1). The evidence admitted to prove that element was the testimony that Chavarria–Cruz returned from the crime scene with a pair of shoes and the photographs of Hernandez not wearing shoes. While not necessary to prove the second-degree murder charge, the evidence would have been nonetheless admissible at a trial solely on the second-degree murder charge because it was relevant to show events that took place during and immediately after the murder.

Therefore, the trial court's error was harmless.

## II.

Chavarria–Cruz also argues that he is entitled to a new trial because trying him for first-degree felony murder violated Minn.Stat. § 609.035. Section 609.035, subdivision 1, provides that "if a person's conduct constitutes more than one offense ... the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Applying the rationale behind Minn.Stat. § 609.035, subd. 1, in *State v. Schmidt*, we said:

> The single behavioral incident statute protects criminal defendants from both multiple prosecutions and multiple sentences for offenses resulting from the same behavioral incident. *See State v. Johnson*, 273 Minn. 394, 397, 141 N.W.2d 517, 520 (1966). We explained in *Johnson* that the "drafters, as well as the legislature, intended ... to broaden the protection afforded by our constitutional provisions against double jeopardy." *Id.* at 400, 141 N.W.2d at 521. We

noted the advisory committee comment that allowing serialized prosecution for offenses arising from a single behavioral incident would "in a sense, defeat the policy underlying the constitutional protection against double jeopardy." *Id.* at 399, 141 N.W.2d at 521.

*State v. Schmidt*, 612 N.W.2d 871, 876 (Minn.2000) (alteration in original). As with Minn.Stat. § 609.04, our review is again for harmless error. *Valtierra*, 718 N.W.2d at 435 n. 4. Here, it is undisputed that Chavarria–Cruz's prosecution for first-degree premeditated murder and first-degree felony murder arose out of the same behavioral incident and that Chavarria–Cruz was acquitted of first-degree premeditated murder after his first trial. Moreover, because first-degree felony murder is an included offense of first-degree premeditated murder, having been acquitted of premeditated murder, it was improper for the State to subsequently prosecute Chavarria–Cruz for first-degree felony murder. *See State v. Reese*, 692 N.W.2d 736, 743 (Minn.2005). Therefore, the trial court clearly erred when it allowed Chavarria–Cruz to be prosecuted for first-degree felony murder at his retrial.

As discussed above, and for the same reasons, the trial court's violation of Minn. Stat. § 609.035, subd. 1, like its error in violating Minn.Stat. § 609.04, was also harmless. All of the evidence admitted at trial, whether used to prove first-degree felony murder or second-degree murder, would have been admissible at trial had Chavarria–Cruz been tried solely for second-degree murder.

## III.

Finally, Chavarria–Cruz argues that his prosecution for first-degree felony murder at his retrial violated the Double Jeopardy Clause of the Fifth Amendment and

Article I, Section 7, of the Minnesota Constitution.

In reversing the district court's denial of Chavarria–Cruz's pretrial motion, the court grudgingly acknowledges that a double jeopardy violation occurred. Yet the court does not explain why it reaches that conclusion. Nor does the court explicitly provide a remedy for the double jeopardy violation. Our jurisprudence and the need to provide guidance for trial courts and the practicing bar requires an explanation for the court's conclusion that a violation occurred. Unlike the court, I understand from the record that the trial court convicted Chavarria–Cruz of first-degree felony murder and then sentenced him to the 350–month sentence agreed to by the State. Our jurisprudence, guidance to the trial courts, and due process require that a remedy be provided for the double jeopardy violation. The appropriate remedy is that Chavarria–Cruz's conviction for first-degree felony murder, along with the sentence imposed, must be vacated and the matter remanded for resentencing.

The trial court sought to avoid the double jeopardy problem presented by limiting any sentence to be imposed if Chavarria–Cruz was convicted to the same sentence that he received after he was convicted of second-degree murder at his first trial. The trial court's solution, however, did not solve the double jeopardy problem. At the same time, the trial court's solution created a significant sentencing problem.

The trial court's solution did not solve the double jeopardy problem because the Double Jeopardy Clause does more than prohibit courts from imposing harsher sentences on defendants at their second trial. As we have recognized, the clause serves to protect defendants from the "embarrassment, expense, and ordeal" of having to face repeated prosecutions for the same offense. *State v. Gouleed,* 720 N.W.2d 794, 802 (Minn.2006) (citing *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). To that end, the Double Jeopardy Clause shields defendants "from a second prosecution of the same offense after an acquittal." *State v. Leroy,* 604 N.W.2d 75, 77 (Minn.1999). Here, Chavarria–Cruz was acquitted of first-degree murder at his first trial.

The Supreme Court does not analyze "a single violation of a single statute ... under [*Blockburger's*] so-called 'same evidence' test, which is frequently used to determine whether a single transaction may give rise to separate prosecutions ... under separate statutes." *Sanabria v. United States,* 437 U.S. 54, 70 n. 24, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Unlike cases involving multiple prosecutions under separate statutes, the question in this case is whether two separate definitions of a single crime constitute the same offense. Therefore, the *Blockburger* test is not the appropriate test to apply to the double jeopardy issue in this case.

Minnesota Statutes § 609.185 (2012) defines first-degree murder in several ways. The statute defines first-degree murder as intentional murder with consideration, planning, or preparation. Minn.Stat. § 609.185(a)(1); *see* Minn.Stat. § 609.18 (2012) (defining "premeditation"). The statute also defines first-degree murder as the intentional killing of someone in the course of committing a felony. Minn.Stat. § 609.185(a)(3). Known respectively as premeditated and felony murder, these two definitions of murder are simply two different ways of defining the same offense: first-degree murder. *See State v. Reese,* 692 N.W.2d 736, 743 (Minn.2005); *State v. Arnett,* 158 Ariz. 15, 760 P.2d 1064, 1068 (1988); *State v. White,* 254 Neb. 566,

577 N.W.2d 741, 748 (1998); *cf. Schad v. Arizona,* 501 U.S. 624, 642, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (concluding that jurors need not agree on the type of first-degree murder the defendant committed because premeditated murder and felony murder are alternative means of satisfying the mens rea element for a single crime, first-degree murder).

The jury acquitted Chavarria–Cruz of first-degree premeditated murder at his first trial. At his second trial, Chavarria–Cruz was tried for, and convicted of, first-degree felony murder. Because first-degree premeditated murder and first-degree felony murder constitute the same offense, Chavarria–Cruz was retried for the offense he was acquitted of at his first trial. Such a reprosecution is precisely the situation the Double Jeopardy Clause seeks to avoid. *See Leroy,* 604 N.W.2d at 77. Therefore, the district court should have granted Chavarria–Cruz's pretrial motion to dismiss the first-degree felony murder charge on double jeopardy grounds.

At sentencing, the trial court indicated that, in addition to convicting Chavarria–Cruz of second-degree intentional murder, it was adjudicating Chavarria–Cruz guilty of first-degree murder. The trial court sentenced Chavarria–Cruz for the second-degree murder conviction but did not impose a sentence for the first-degree murder conviction. The trial court's failure to impose a sentence for first-degree murder

violated Minn.Stat. § 609.185. Section 609.185 provides that anyone found guilty of first-degree murder "shall" be sentenced to life in prison. Minn.Stat. § 609.185(a). Minnesota Statutes § 609.185(a) provides that, "Whoever does any of the following [in this case causing "the death of a human being with intent to effect the death of the person ... while committing or attempting to commit ... aggravated robbery"] is guilty of murder in the first degree and shall be sentenced to imprisonment for life." Here, the jury found that Chavarria–Cruz caused the death of a human being with the intent to effect the death of that person while committing or attempting to commit aggravated robbery. Given the clear mandate of section 609.185(a), the trial court was required to enter judgment of conviction for first-degree murder and sentence Chavarria–Cruz to imprisonment for life. *See State v. Kebaso,* 713 N.W.2d 317, 322 (Minn.2006) (concluding "that section 609.035 contemplates that a defendant will be punished for the 'most serious' of the offenses arising out of a single behavioral incident"). Because the statute provides no exceptions, trial courts have no discretion to diverge from the mandated sentence.[2] *State v. Chambers,* 589 N.W.2d 466, 479 (Minn.1999). Yet that is what the trial court did. Thus, the 350–month sentence imposed by the trial court was, under the circumstances, not only improper, but illegal.[3]

2. Curiously, the court, "[b]ased on [its] careful review of the record," concludes that it is "not satisfied that a judgment of conviction was entered on [the] first-degree felony murder offense." Although I conclude that the court did, in fact, enter judgment of conviction on the first-degree murder offense, if I am wrong, and, in fact, the trial court did not enter judgment of conviction for first-degree felony murder, it seems to me that our court has an obligation to address that error. Yet

the court is silent. That silence is both clear and loud.

3. The trial court limited Chavarria–Cruz's sentence to 350 months to avoid the chilling effect a longer sentence would have on criminal appeals. In reaching its conclusion, the trial court relied on our decision in *State v. Holmes,* 281 Minn. 294, 303, 161 N.W.2d 650, 656 (1968). In *Holmes,* we held that a defendant may not receive a longer sentence after successfully appealing his first conviction.

While the court concludes that the trial court "failed to properly analyze the double jeopardy issue" and therefore "reverse[s] the district court's denial of Chavarria–Cruz's pretrial motion to dismiss the [first-degree] felony murder charge," the court is essentially silent on the sentencing problem created by what took place.[4] Nor does the court state explicitly what flows from its reversal of the trial court's denial of Chavarria–Cruz's pretrial motion to dismiss. In my view, to properly address these issues, the jury's verdict finding Chavarria–Cruz guilty of first-degree murder should be vacated along with his conviction and sentence and this matter should be remanded to the trial court for resentencing.

*Id.* at 303, 161 N.W.2d at 656. We reasoned that allowing courts to impose harsher sentences after a successful appeal would discourage appeals. *Id.* at 303, 161 N.W.2d at 656. It was on this basis that the trial court limited Chavarria–Cruz's sentence to 350 months. As discussed, while it solved the *Holmes* problem, the trial court's actions created a more significant problem.

4. To the extent that the court does not vacate Chavarria–Cruz's first-degree felony murder conviction, the court is complicit in the trial court's violation of Minn.Stat. § 609.185(a) by perpetuating the illegal sentence.