*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1785**

State of Minnesota,
Respondent,

vs.

Ali Mehralian,
Appellant.

**Filed August 10, 2015**
**Affirmed**
**Stauber, Judge**

Dakota County District Court
File No. 19HACR141173

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

William L. Bernard, Eagan City Attorney, Eagan, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from his conviction of violating a harassment restraining order, appellant argues that his conviction must be reversed because (1) evidence submitted at trial but not formally received into evidence was allowed into the jury room for

consideration during jury deliberations and (2) the conviction is legally inconsistent with his acquittal for contempt of court. Appellant also makes several arguments in his pro se supplemental brief. We affirm.

**FACTS**

On April 1, 2014, appellant Ali Mehralian was charged with one count of violating a harassment restraining order (HRO), and one count of contempt of court. At trial, R.D., appellant's ex-wife, testified that on March 19 2014, she was granted an HRO against appellant. R.D. also testified that under the terms of the HRO, appellant was prohibited from being within one mile of her residence. The HRO was marked as exhibit 4 and viewed by the jury during deliberations, but was never formally admitted into evidence.

Appellant's daughter, D.M., testified that on March 22, 2014, she and her younger brother went to dinner with appellant. D.M. also testified that after dinner appellant "wanted to go to the SA in Eagan" because he had purchased the "unlimited carwash sticker," for her for her birthday, and "all we had to do was go to the attendant at the SA and just give the license plate and the car model . . . and they would just give us the sticker for the car." D.M. explained that she likes to keep her car clean and frequents that particular SA gas station regularly. D.M. further testified that while they were at the gas station, she texted her mother to let her know that they were at the gas station and would be home soon.

After learning that appellant was at the SA in Eagan, R.D. contacted the police department and reported that appellant had violated the HRO because the gas station is less than a mile from her house. Subsequent investigation by the Eagan Police

2

Department verified that the SA was 0.6 miles from R.D.'s residence. Eagan police also obtained the surveillance video from the gas station, which shows appellant standing in line at the cash register.

The jury found appellant guilty of violating the HRO, but not guilty of contempt of court. The district court then sentenced appellant to a stayed sentence of 365 days in jail. This appeal followed.

## D E C I S I O N

## I.

The supreme court has recognized that the harmless-error analysis applies "where evidence which was *not* admitted in evidence somehow wrongly makes its way into the jury room for deliberations." *State v. Kraushaar*, 470 N.W.2d 509, 516 (Minn. 1991). Under the harmless-error standard for nonconstitutional errors, the defendant must prove that the error was prejudicial. *State v. Chavarria-Cruz*, 839 N.W.2d 515, 523 (Minn. 2013). "Reversal is warranted only when the error substantially influences the jury's decision." *Id.* (quotations omitted).

Appellant argues that the jury's viewing of the HRO, which was never formally admitted into evidence, was not harmless error because this case involved the violation of a geographic restriction within the HRO, and the HRO was the only document that specified the restriction. We disagree. The record reflects that proper foundation for the admission of the HRO had been laid; R.D. testified regarding her application and receipt of the HRO, as well as its contents. The HRO was then marked as exhibit 4, but apparently due to an oversight, was not admitted into evidence. Moreover, and more

3

importantly, the admission of the HRO was unnecessary to establish appellant's guilt. Both R.D. and an investigating officer testified that under the terms of the HRO, appellant was prohibited from being within one mile of R.D.'s residence. Thus, even if the jury had never viewed the HRO in the jury room, sufficient evidence presented at trial was offered to prove the geographical restriction set forth in the HRO.

Appellant argues that the error is not harmless because it was improper for R.D. and the investigating officer to testify from an exhibit that was not offered into evidence. But a defendant claiming that the district court erred by admitting evidence bears the burden of proving that any error was prejudicial. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). The record reflects that appellant never objected to the testimony of R.D. or the investigating officer regarding the geographical restrictions of the HRO on the basis that they were testifying from an exhibit that was not offered into evidence. If he had objected, the prosecutor would have recognized the oversight, and the oversight would have been corrected. Accordingly, appellant is unable to establish that the jury's erroneous viewing of the HRO in the jury room substantially influenced the jury's decision.

## II.

Appellant also argues that he is entitled to a new trial because the jury's verdicts are legally inconsistent. Whether a jury's verdicts are legally inconsistent is a question of law that is reviewed de novo. *State v. Leake*, 699 N.W.2d 312, 325 (Minn. 2005).

"Verdicts are legally inconsistent when proof of the elements of one offense negates a necessary element of another offense." *State v. Cole*, 542 N.W.2d 43, 50

4

(Minn. 1996). In this case, appellant was found guilty of violating the HRO and not guilty of contempt of court. But Minn. Stat. § 609.748, subd. 6(h) (2014) provides that "[a] violation of a . . . restraining order shall also constitute contempt of court." Thus, appellant is correct that the jury's verdict is legally inconsistent.

However, a defendant who is found guilty of one count of a multi-count complaint is generally "not entitled to a new trial or dismissal simply because the jury found him not guilty of the other count, even if the guilty and not guilty verdicts may be said to be logically inconsistent." *State v. Newman*, 408 N.W.2d 894, 898 (Minn. App. 1987), *review denied* (Minn. Aug. 19, 1987). And a "jury in a criminal case has the power of lenity . . . the power to bring in a verdict of not guilty despite the law and the facts." *State v. Perkins*, 353 N.W.2d 557, 561 (Minn. 1984). "[T]he focus is not upon the inconsistency of the acquittals, but upon whether there is sufficient evidence to sustain the guilty verdict." *Nelson v. State*, 407 N.W.2d 729, 731 (Minn. App. 1987), *review denied* (Minn. Aug. 12, 1987).

Here, the evidence is sufficient to sustain the guilty verdict. The state presented evidence that appellant was properly served with the HRO and that under the terms of the HRO, appellant was prohibited from being within one mile of R.D.'s residence. The state also presented evidence that appellant violated the HRO when he visited the SA on March 22, 2014, which is located less than a mile from R.D.'s residence. Therefore, appellant is not entitled to a new trial.

5

**III.**

In his pro se supplemental brief, appellant appears to make three arguments: (1) that the restriction in the HRO that he remain more than one mile from R.D.'s residence is unreasonable; (2) that the evidence was insufficient to sustain the jury's finding of guilt; and (3) that he received ineffective assistance of counsel. But appellant provides no citations to the record or legal authority to support these allegations. Consequently, these arguments are waived. *See State v. Krosch*, 642 N.W.2d 713, 719-20 (Minn. 2002) (deeming issue raised in pro se brief as waived when appellant failed to provide legal or factual support for argument).

**Affirmed.**