*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0033**

State of Minnesota,
Respondent,

vs.

Nathan Edward Palmer,
Appellant.

**Filed November 30, 2015
Affirmed
Cleary, Chief Judge**

Chisago County District Court
File No. 13-CR-13-63

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Nicholas A. Hydukovich, Assistant County Attorney, Center City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Cleary, Chief Judge; Connolly, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Appellant Nathan Edward Palmer was convicted after a court trial of felony domestic assault (harm) in violation of Minn. Stat. § 609.2242, subd. 4 (2012) and malicious punishment of a child-less than substantial bodily harm, a gross misdemeanor, in violation of Minn. Stat. § 609.377, subds. 1, 2 (2012). Appellant argues that the district court erred in finding that he used unreasonable force when disciplining his child for behavioral problems. Because a reasonable fact-finder could conclude that appellant used unreasonable force, we affirm.

## FACTS

On January 17, 2013, appellant's 12-year-old son, N.E.P., was suspended from school for disrespectful and disruptive behavior. This was not his first suspension from school. Appellant left work to pick up N.E.P. after the suspension, and the two returned home. Appellant told N.E.P. to clean his room, but N.E.P. did not, and this angered appellant. Appellant attempted to physically discipline N.E.P. by spanking him with a leather belt. Appellant attempted to grab N.E.P. to spank him, but N.E.P. struggled. To control him, appellant grabbed N.E.P. by the collar of his sweatshirt and pulled at it, leaving marks around N.E.P.'s neck. Appellant then hit N.E.P. approximately five times with a leather belt, leaving marks on his legs and back. N.E.P. left the house and went to the police station, and police transported him to Fairview Lakes Hospital. N.E.P. initially told doctors that appellant had strangled him, but later stated that he exaggerated that fact because he was angry at appellant.

2

At trial, evidence was admitted related to the nature and extent of N.E.P.'s injuries. Nurse Linda Godden, who treated N.E.P. at the hospital, testified that "[h]is neck and chest had petechiae, which [are] red little arterial breaks." She stated that petechiae are caused by things such as "crushing injury, vomiting, [or] pressure." On cross-examination, Godden stated that such petechiae could be caused by a person struggling against being dragged by his shirt. Dr. John Eikens, who also treated N.E.P. at the hospital, stated that N.E.P. had a petechial rash which indicated pressure was applied to those areas, and red marks that were consistent with being struck with a belt. The district court found that appellant "exceeded any reasonable use of his disciplinary authority . . . when he caused the injuries to N.E.P.'s neck by the use of extreme force," and recorded convictions for domestic assault and malicious punishment of a child. This appeal followed.

## DECISION

The district court convicted appellant of domestic assault and malicious punishment of a child, but sentenced appellant only on the domestic assault conviction. This court must address a conviction on appeal, even if the defendant receives no sentence for that conviction. *See State v. Cox*, 820 N.W.2d 540, 552-53 (Minn. 2012) (holding that the district court erred in convicting defendant "[e]ven though the court did not sentence" defendant on that conviction); *Spann v. State*, 740 N.W.2d 570, 574 (Minn. 2007) (reviewing convictions for lesser-included offenses, for which defendant received no sentence).

3

Appellant argues that there was insufficient evidence for the district court to find that he used unreasonable force in disciplining N.E.P. Therefore, appellant argues, the convictions for domestic assault and malicious punishment should be reversed.

When reviewing for sufficiency of evidence, this court "view[s] the evidence in the light most favorable to the verdict and assume[s] that the factfinder disbelieved any testimony conflicting with that verdict." *State v. Chavarria-Cruz*, 839 N.W.2d 515, 519 (Minn. 2013) (quotation omitted). We defer to the fact-finder's determinations of witness credibility and we acknowledge that any "attempt to retry [the] case by asking us to reevaluate [witness] credibility is contrary to our role." *State v. Bliss*, 457 N.W.2d 385, 391 (Minn. 1990). This court will not reverse a conviction when the fact-finder, "acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt," could reasonably find the appellant guilty of the offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004) (quotation omitted).

For a defendant to be found guilty of domestic assault (harm), the state must prove that defendant "intentionally inflict[ed] or attempt[ed] to inflict bodily harm" upon "a family or household member." Minn. Stat. § 609.2242, subd. 1 (2012). For a defendant to be found guilty of malicious punishment of a child, the state must prove that defendant is a "parent, legal guardian, or caretaker who, by an intentional act or a series of intentional acts with respect to a child, evidences unreasonable force or cruel discipline that is excessive under the circumstances." Minn. Stat. § 609.377, subd. 1. Both are general-intent crimes, requiring only that a defendant "intended to do the physical act,

4

[not] . . . that the defendant meant to violate the law or cause a particular result." *State v. Fleck*, 810 N.W.2d 303, 309-10 (Minn. 2012).

"The law does not condone injury of children . . . ." *Johnson v. Smith*, 374 N.W.2d 317, 321 (Minn. App. 1985), *review denied* (Minn. Nov. 18, 1985). However, a parent is not guilty of domestic assault or malicious punishment when they use reasonable force. "[R]easonable force may be used . . . by a parent, guardian, teacher, or other lawful custodian of a child or pupil, in the exercise of lawful authority, to restrain or correct such child . . . ." Minn. Stat. § 609.06 (2014). When determining the scope of reasonable disciplinary force, this court has considered a child's age, height, and weight; "the seriousness of the [child's] infraction; the degree of force used by the parent; and the physical impact of the discipline." *In re Welfare of Children of N.F.*, 735 N.W.2d 735, 738-39 (Minn. App. 2007), *aff'd in part, rev'd in part on other grounds*, 749 N.W.2d 802 (Minn. 2008).

There was sufficient evidence to support the finding of unreasonable disciplinary force. The district court received a great deal of evidence regarding the nature and extent of N.E.P.'s injuries. Both appellant and 12-year-old N.E.P. testified regarding the actions that caused the injuries. N.E.P. had been badly misbehaving, but was not being aggressive in a way that demanded physical correction at that time. Appellant caused the petechiae on N.E.P.'s neck area by restraining N.E.P. Once restrained, appellant intentionally struck him with a belt, which caused marks on his legs and back. Multiple exhibits showed the injured areas of N.E.P.'s body through photographs taken at the hospital that day. Testimony by Godden and Dr. Eikens demonstrated the nature and

seriousness of the injuries. Considering appellant's use of a belt as an instrument of physical punishment, and taking the facts in the light most favorable to the verdict, a reasonable fact-finder could conclude appellant used unreasonable force.

**Affirmed.**