*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0177**

Ronald Aaron McCord, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 14, 2016
Affirmed
Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CR-06-083414

Ronald McCord, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

**UNPUBLISHED OPINION**

**SMITH, TRACY M.**, Judge

Appellant Ronald McCord challenges the district court's denial of his petition for postconviction relief following his guilty plea to an amended charge of second-degree unintentional murder while committing a felony offense. In a previous prosecution,

McCord had been acquitted of first-degree murder and convicted of second-degree murder, but his conviction for second-degree murder was reversed on appeal and the case was remanded for a new trial on that charge. McCord pleaded guilty to an amended charge of second-degree murder and sought postconviction relief, which was denied. McCord contends that the state's reprosecution for second-degree murder was barred under Minn. Stat. § 609.035 and § 609.04 (2006). He also argues that his first conviction was not supported by sufficient evidence, thus entitling him to a directed verdict of acquittal and barring reprosecution under the Double Jeopardy Clauses of the Minnesota and United States Constitutions. We affirm.

## FACTS

In December 2006, a Hennepin County grand jury indicted McCord under Minn. Stat. § 609.185(a)(3) (2006) for first-degree murder while committing a drive-by shooting. At the conclusion of his trial in 2008, the jury found McCord not guilty of first-degree murder but—pursuant to Minn. Stat. § 631.14 (2006), which authorizes verdicts for lesser-included offenses—convicted him of second-degree murder while committing a drive-by shooting under Minn. Stat. § 609.19, subd. 1(2) (2006). On appeal, this court reversed the second-degree murder conviction and remanded for a new trial. *State v. McCord*, Nos. A08-1668, A10-0671, 2011 WL 781037, at *4 (Minn. App. Mar. 8, 2011), *review denied* (Minn. May 17, 2011). We concluded that the district court abused its discretion in denying McCord's motion for a mistrial following a witness's spontaneous interjection of prejudicial comments. *Id.* at *1. We reasoned that, "[w]hile the evidence was sufficient to sustain the jury's verdict, it lacked the force to overcome the unfair prejudice of [the

2

witness's] spontaneous interjection." *Id.* at *3. The Minnesota Supreme Court denied further review.

On remand, McCord filed a motion to dismiss in which he argued, in part, that reprosecution violated the Double Jeopardy Clauses of the Minnesota and United States Constitutions. The district court denied McCord's motion. McCord appealed the district court's pretrial order, but we dismissed the appeal as taken from a non-appealable order. As part of a plea agreement, McCord then pleaded guilty to an amended charge of second-degree unintentional murder while committing a felony offense, in violation of Minn. Stat. § 609.19, subd. 2(1).

McCord petitioned for postconviction relief, arguing that the state's prosecution of this second-degree murder offense was barred under Minn. Stat. § 609.035 and § 609.04, and that insufficient evidence in his 2008 trial barred reprosecution under the Double Jeopardy Clauses of the Minnesota and United States Constitutions. The district court denied McCord's petition.

McCord appeals.

## D E C I S I O N

### I.

McCord asserts that the district court erred in denying his petition for postconviction relief because the state's prosecution of a second-degree murder offense on remand is barred under Minn. Stat. § 609.035, subd. 1, and § 609.04, subd. 2. McCord argues that because his second-degree unintentional murder offense was not charged in the original prosecution, but rather was submitted to the jury as a lesser-included offense under

3

section 631.14, his original prosecution was limited to the first-degree murder charge for which he was acquitted. Therefore, according to McCord, Minn. Stat. §§ 609.035 and 609.04 barred any reprosecution of a lesser-included offense after this court's reversal and remand for a new trial. In other words, McCord asserts that the state's reprosecution of the second-degree offense on remand was barred because "[McCord] was only prosecuted [in 2008] for the offense of which he was acquitted." Because this argument misconstrues both the law and prior proceedings, we affirm.

"We review the denial of a petition for postconviction relief for an abuse of discretion." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quotation omitted). "We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Id.* (quotation omitted). "We will not reverse an order unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Id.* (quotation omitted).

As an initial matter, we disagree with McCord's assertion that his original prosecution was limited to the first-degree murder offense of which he was acquitted. Minn. Stat. § 631.14 permits juries to consider lesser-included offenses of offenses charged in an indictment or complaint. Minn. Stat. § 631.14 ("Upon an indictment or complaint for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or complaint, and guilty of any degree inferior to that."). Consistent with that statute, the jury was instructed that they should consider the

4

lesser-included offense of second-degree murder while committing a drive-by shooting. McCord cites no authority for the proposition that a lesser-included offense is not part of an original prosecution when the jury is permitted to—and does—consider the offense pursuant to Minn. Stat. § 631.14. We conclude that the original prosecution included both the first-degree murder offense and the second-degree murder offense.

With that in mind, we turn to McCord's statutory arguments. Generally, under Minn. Stat. § 609.035, subd. 1, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." But "[t]he instances in which the application of § 609.035 may be sought are narrowed to those where a 'person's conduct' results in the commission of two or more separate or nonincluded offenses." *State v. Johnson*, 273 Minn. 394, 398, 141 N.W.2d 517, 521 (1966). Section 609.035 is thus irrelevant to this appeal as the conviction at issue—the second-degree murder conviction—does not implicate "the commission of two or more separate or nonincluded offenses." *Id.* As noted above, the 2008 jury convicted McCord of second-degree murder, which was a lesser-included offense of the first-degree murder charge. *State v. Chambers*, 589 N.W.2d 466, 478 (Minn. 1999). McCord does not dispute this. Because McCord stands convicted of an included offense, his current arguments invoking Minn. Stat. § 609.035 are meritless. *Johnson*, 273 Minn. at 398, 141 N.W.2d at 521.

McCord's arguments under Minn. Stat. § 609.04 are also deficient. That statute provides that "[a] conviction or acquittal of a crime is a bar to further prosecution of any

5

included offense, or other degree of the same crime." Minn. Stat. § 609.04, subd. 2. The statute "allows conviction of the crime charged or an 'included crime, but not both.'" *Johnson*, 273 Minn. at 398, 141 N.W.2d at 521. "Every lesser degree of . . . murder is a lesser-included offense of first-degree murder." *Chambers*, 589 N.W.2d at 478. Initially, McCord was indicted on a first-degree murder charge and was ultimately convicted of the lesser-included offense of second-degree murder while committing a drive-by shooting. Following McCord's appeal to this court, his conviction was reversed due to trial error and remanded for a new trial. As such, McCord's initial conviction was never a final conviction. *See State v. Spaulding*, 296 N.W.2d 870, 875 (Minn. 1980) ("Defendant's first conviction, which was set aside on appeal, was never a final conviction under the statute so as to bar the State's prosecution of the other offenses arising out of the same conduct."); *see also State v. Crow*, 730 N.W.2d 272, 278 (Minn. 2007) ("An acquittal of an offense bars retrial for that offense, but double jeopardy does not bar retrial when a conviction is later set aside for trial error." (citing *United States v. Ball*, 163 U.S. 662, 671-72, 16 S. Ct. 1192, 1195 (1986))).[1] Therefore, Minn. Stat. § 609.04 does not bar reprosecution.

---

[1] McCord does not raise a similar argument under the Double Jeopardy Clauses of the Minnesota and United States Constitutions. However, such an argument would also fail. *See State v. Chavarria-Cruz*, 839 N.W.2d 515, 518 n.2 (Minn. 2013) ("[Defendant] concedes that 'because [we] reversed [his] second-degree murder convictions and remanded for [a new] trial, the state had every right to retry [him] for second-degree murder.' His concession is consistent with well-established law that the Double Jeopardy Clause does not bar [reprosecution] of the offense of conviction when the conviction has been overturned on appeal because of a procedural error." (citing *Evans v. Michigan*, __ U.S. __, 133 S. Ct. 1069, 1075 (2013); *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308, 104, S. Ct. 1805, 1813 (1984); *United States v. Tateo*, 377 U.S. 463, 465, 84 S. Ct. 1587, 1589 (1964))).

McCord's acquittal of first-degree murder in the original prosecution does not change the outcome. In the initial trial, under section 609.04, McCord could have been convicted of either the crime charged or an included offense but not both. Minn. Stat. § 609.04, subd. 1. He was convicted of only the included offense of second-degree murder, and that conviction was reversed and the case was remanded. As explained above, when the case returned to the district court on remand, McCord's initial conviction was considered non-final and there was no conviction of record barring the state's pursuit of a second-degree murder conviction. *Cf. State v. Alvarez*, 820 N.W.2d 601, 613 (Minn. App. 2012) ("Where a conviction has been overturned on appeal, at least for reasons other than insufficiency of evidence, no 'conviction' of record bars further prosecution." (citing *Burks v. United States*, 437 U.S. 1, 15-18, 98 S. Ct. 2141, 2149-51 (1978))); *Crow*, 730 N.W.2d at 278 ("[D]ouble jeopardy does not bar retrial when a conviction is later set aside for trial error."); *Spaulding*, 296 N.W.2d at 875 (concluding that conviction set aside on appeal "was never a final conviction").

The Minnesota Supreme Court's decision in *State v. Chavarria-Cruz* is instructive. 839 N.W.2d 515. There, after the defendant was acquitted of first-degree premeditated murder for the benefit of a gang and convicted of the lesser-included offense of second-degree murder, his conviction was reversed and remanded. *Id.* at 518. On remand the state not only charged the defendant with second-degree murder but also re-indicted him for another, different first-degree murder offense. *Id.* That, the majority opinion held, violated double jeopardy. *Id.* at 520. A concurring opinion agreed and also concluded that the re-indictment for first-degree murder violated sections 609.035 and 609.04. *Id.* at 521 (Page,

7

J., concurring in part and dissenting in part). Neither the majority nor the concurring opinion, however, took any issue with retrial on the second-degree murder charge, and the defendant's conviction on that charge was affirmed.

We conclude the state's reprosecution following remand for a new trial is not the type of serialized prosecution that Minn. Stat. § 609.035 and § 609.04 are intended to protect against. As such, the district court did not err in rejecting McCord's arguments invoking these statutes, nor did the district court abuse its discretion in denying McCord's petition. *Matakis*, 862 N.W.2d at 36.

## II.

McCord asserts that on his prior appeal "[t]he court of appeals went outside the record when reviewing the evidence at trial." As a result, he argues, "[b]ecause it is clear that the record lacked sufficient evidence, it must be concluded that this court based its finding of sufficient evidence on facts outside the record. Because the record lacked sufficient evidence McCord was, and still is, entitled to a directed verdict of acquittal from this court." He reasons that because he was entitled to acquittal on his prior appeal, reprosecution on remand violates double jeopardy. Whether the district court correctly rejected this argument as meritless turns on an interpretation of the rules of criminal procedure, which is a question of law subject to de novo review. *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005).

In our decision on McCord's prior appeal, we concluded, "[t]he evidence that McCord was the shooter was substantial but not overwhelming," and "[w]hile the evidence was sufficient to sustain the jury's verdict, it lacked the force to overcome the unfair

8

prejudice of [the witness's] spontaneous interjection." *McCord*, 2011 WL 781037, at *3. After that decision: (1) the supreme court denied further review; (2) the case returned to district court on remand; (3) McCord unsuccessfully sought to dismiss the criminal complaint; and (4) McCord pleaded guilty to second-degree unintentional murder while committing a felony offense.

Had McCord wished to challenge this court's apparent rejection of his claim that the evidence from his 2008 trial was insufficient to convict him of the second-degree murder offense, McCord's recourse was limited to a petition or cross-petition for further review by the Minnesota Supreme Court. Minn. R. Crim. P. 29.04. As an alternative, McCord could have chosen to challenge the sufficiency of the evidence introduced at a second trial, assuming he was tried and convicted of second-degree murder on remand. Minn. R. Crim. P. 28.02, subd. 2. McCord did not pursue either of these options; rather, he pleaded guilty prior to a second trial, admitted his guilt, and waived the right to challenge the sufficiency of the evidence. *State v. Jenson*, 312 N.W.2d 673, 675 (Minn. 1981).

Therefore, we conclude that the district court did not err in rejecting McCord's argument regarding insufficient evidence and did not abuse its discretion in denying postconviction relief. *Matakis*, 862 N.W.2d at 36.

**Affirmed.**